IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO MUNOZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 22-cv-09160-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE; VACATING HEARING; SETTING CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is the "Motion to Dismiss Plaintiff's Claims for Fraudulent Misrepresentation and Breach of Implied Covenant of Good Faith and Fair Dealing and to Strike the Claims for General, Punitive and Exemplary Damages," filed February 23, 2023, by defendant Reliance Standard Life Insurance Company ("Reliance").  Plaintiff Jo Munoz ("Munoz") has filed opposition,[1] to which Reliance has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for April 7, 2023, and rules as follows.

　　　　In her Complaint, Munoz alleges Reliance improperly denied her claim for disability benefits; she seeks an award of disability benefits and other relief under ERISA, as well as an award of damages under state law.  By the instant motion, Reliance argues Munoz's state law claims are subject to dismissal, i.e., the Third Claim for Relief, namely,

---

[1] The courtesy copy of Munoz's opposition was submitted in double-sided format. For future reference, Munoz is directed to submit chambers copies in single-sided format. See Civil L.R. 3-4 (setting forth requirements for "papers presented for filing"); Civil L.R. 3-4(c)(2) (providing "text must appear on one side only"); Standing Orders for Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2.

a claim alleging "fraudulent[ ] misrepresent[ations]" were made to Munoz in connection with the handling of her claim (see Compl. ¶ 144), and the Fourth Claim for Relief, namely, a claim alleging breach of the implied covenant of good faith and fair dealing, based on alleged "[u]nreasonabl[e]" and "[i]mproper" actions taken by Reliance in connection with that process (see Compl. ¶ 151).

The Court, for the reasons stated by Reliance, finds Munoz's state law claims are preempted by ERISA.  See 29 U.S.C. § 1144(a) (providing ERISA "supersede[s]" state law claims that "relate to" ERISA plans); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (holding state law claims having "a connection with or reference to [an ERISA] plan" are preempted; finding state law claims based on "alleged improper processing of a claim for benefits" preempted); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416-17, n.3 (9th Cir. 1990) (holding claim alleging insurer engaged in "fraud" during claims-handling process was preempted, as was claim alleging insurer breached duty of good faith and fair dealing by engaging in "unreasonable" conduct during claims-handling process).

Accordingly, Reliance's motion is hereby GRANTED, the Third and Fourth Claims for Relief are hereby DISMISSED, and, to the extent the Complaint includes a prayer for general damages, punitive damages, and exemplary damages, all of which pertain solely to Munoz's state law claims, such prayer is hereby STRICKEN.

Lastly, a Case Management Conference is hereby SCHEDULED for May 5, 2023, at 10:30 a.m.[2]  A Joint Case Management Statement shall be filed no later than April 28, 2023.

**IT IS SO ORDERED.**

Dated: April 3, 2023

MAXINE M. CHESNEY
United States District Judge

---

[2] By order filed March 16, 2023, the Court approved the parties' stipulation to vacate the then-existing April 7, 2023, Case Management Conference and to select a new date after resolution of the instant motion to dismiss.